IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRIAN ESTHER | § | |
| on behalf of himself individually, | § | |
| and ALL OTHERS SIMILARLY | § | |
| SITUATED | § | Civil Action No. |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | COLLECTIVE ACTION |
| | § | (JURY TRIAL) |
| AIPC ENERGY LLC | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### SUMMARY

1.    AIPC Energy LLC does not pay its Solids Control Technicians overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the FLSA).  Instead, AIPC Energy LLC pays its Solids Control Technicians a day rate, not time and a half for overtime hours worked.  Because these workers are employees under the FLSA, Brian Esther, and the other Solids Control Technicians are entitled to recover unpaid overtime as well as other damages, including damages for unlawful retaliation.

2.    AIPC Energy LLC has a policy, enforced at all of its locations throughout the United States, denying Plaintiff and putative class members compensation at time and a half for hours worked above forty (40) per week.

3.    Defendant AIPC Energy LLC is a Domestic Limited Liability Company (LLC) with locations throughout Texas.  It may be served with process through its Registered Agent, Queiva Richardson at 14100 San Pedro, Ste. 618, San Antonio, Texas 78232.

4. Whenever in this complaint it is alleged that the named Defendant committed any act or omission, it is meant that Defendant's officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees committed such act or omission and that at the time such act or omission was committed, it was done in the routine normal course and scope of employment of Defendant's officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees.

5. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA 29 U.S.C. § 203(r).

6. To be clear, this complaint and the allegations contained herein are of the conduct of Defendant AIPC Energy, LLC., who maintained a uniform pay policy denying overtime wages to its Solids Control Technicians throughout the state of Texas and the United States.

7. Defendant AIPC Energy, LLC, employed Plaintiff and putative class members at its San Antonio, Texas location and other locations throughout the state of Texas and the United States.

8. Defendant managed Plaintiff and putative class members throughout the course and scope of their employment.

9. Putative class members are all similarly situated Solids Control Technicians who were paid a day rate and not compensated at time and a half for hours worked above forty (40) per week during the past three years.

## JURISDICTION AND VENUE

10. This court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

11. Venue is proper because defendant has locations in the Southern District of Texas and many of the relevant facts occurred there.

## PARTIES

12. Brian Esther worked for AIPC Energy LLC as a Solids Control Consultant. His written consent is attached.

13.     Plaintiff was hired and employed by AIPC Energy, LLC, at its San Antonio, Texas location. The type of work performed by plaintiff was consistent with non-exempt employment under the FLSA. Defendant is therefore obligated to pay its non-exempt employees overtime under the FLSA.

14.     The "FLSA Class Members" are all Solids Control Technicians who were hired and employed by AIPC Energy, LLC, at all locations throughout the United States, while not being paid time and a half for overtime hours worked in the last 3 years.

FACTS

15.     Brian Esther was an employee of AIPC Energy, LLC at its location in San Antonio, Texas.

16.     Brian Esther was not an independent contractor.

17.     No exemption to the provisions of the FLSA excused defendant from its obligation under the FLSA to pay Brian Esther time and a half for the hours worked past forty (40) each week while employed by defendant.

18.     AIPC Energy LLC paid Plaintiff Brian Esther straight time, not time and a half, for the hours he worked above forty (40) during his employment with defendant.

19.     Brian Esther was employed by Defendant as a Solids Control Technician from April 8, 2014 until December, 2015.

20.     The work performed by Plaintiff was the primary type of work that the company provides for their respective customers.

21.     The work performed by Plaintiff was an essential part of the services provided for Defendant's Customers.

22.     AIPC Energy, LLC, Solids Control Technicians relied on Defendant for their work.

23.     AIPC Energy, LLC, determined where its Solids Control Technicians worked and how they performed their duties.

24.     AIPC Energy, LLC, set Solids Control Technicians' hours and requires them to report to work on time and leave at the end of their scheduled hours.

25.     AIPC Energy, LLC Solids Control Technicians at all locations work exclusively for AIPC Energy, LLC, since they work between 11 and 12 hours a day, as a practical matter, they cannot work anywhere else.

26.     Solids Control Technicians are not permitted to hire other workers to perform their jobs for them.

27.     The Solids Control Technicians do not employ staff, nor do they maintain independent places of business.

28.     Solids Control Technicians employed by defendant are paid based upon the hours they work.  They cannot earn a "profit" by exercising managerial skill, and they are required to work the hours required by AIPC Energy, LLC, each day.

29.     The Solids Control Technicians employed by Defendant cannot suffer a loss of capital investment.  Their only earning opportunity is based on the number of hours they were told to work, which is controlled exclusively by AIPC Energy, LLC

30.     AIPC Energy, LLC, pays Solids Control Technicians in return for their labor.

31.     AIPC Energy, LLC, keeps records of the hours it instructed its Solids Control Technicians to work.  Defendant also keeps records of the amount of pay plaintiff and putative class members receive. Plaintiff and putative class members were paid directly via weekly pay check.

32.      Despite knowing of the FLSA's requirements and that Plaintiff and putative class members regularly worked more than 40 hours in a workweek, Defendants paid them a day rate and did not pay time and a half for the overtime hours that they worked.

33.     Plaintiff and putative class members seek unpaid overtime wages for the three year period of time preceding the filing of this lawsuit.

## COLLECTIVE ACTION ALLEGATIONS

34.     In addition to Brian Esther, defendant employed approximately sixty Solids Control Technicians at the location where Plaintiff worked. These Solids Control Technicians worked over forty hours per week. were paid a day rate, and not paid time and a half for overtime hours worked.  These FLSA Class Members performed similar job duties and they were subjected to the same unlawful pay policies. The FLSA Class Members are similarly situated to Brian Esther.

35.     The FLSA Class Members should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).  Therefore, the class is properly defined as:

**All Solids Control Technicians who worked for AIPC Energy LLC nationwide and were not compensated at time and a half for overtime hours worked in the last three years.**

## CAUSE OF ACTION – VIOLATION OF THE FLSA

36.     By failing to pay Plaintiff and the FLSA Class Members overtime at one and one-half times their regular rates, AIPC Energy, LLC, violated the FLSA.

37.     AIPC Energy LLC owes Plaintiff and the FLSA Class Members overtime wages equal to one-half their regular rates for each overtime hour worked during the last three years.

38.     AIPC Energy, LLC, knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA.  Its failure to pay overtime to Plaintiff and the FLSA Class Members is willful.

39.     AIPC Energy, LLC, owes Plaintiff and the FLSA Class Members an amount equal to all unpaid overtime wages as well as liquidated damages.

40.     Plaintiff and the FLSA Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## PRAYER

Plaintiff prays for relief as follows:

1.  An order allowing this action to proceed as a collective action under the FLSA and directing notice to the FLSA Class Members;

2. Judgment awarding Plaintiff and the FLSA Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. An award of post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. All such other and further relief that Plaintiff and the FLSA Class Members are justly entitled.

Respectfully submitted:

THE FOLEY LAW FIRM
By: */s/ Taft L. Foley II*
Taft L. Foley, II
Federal I.D. No. 2365112
State Bar No. 24039890
3003 South Loop West, Suite 108
Houston, Texas 77054
Phone: (832) 778-8182
Facsimile: (832) 778-8353
Taft.Foley@thefoleylawfirm.com

**ATTORNEYS FOR PLAINTIFFS**